## AFFIDAVIT OF SPECIAL AGENT CHRISTINA ROSEN IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Christina Rosen, having been duly sworn, do hereby depose and state as follows:

### Agent Background

1.      I am employed as a Special Agent with the United States Department of Labor, Office of Inspector General, Office of Investigations in Boston, Massachusetts.  I have been employed by the United States government as a Special Agent since October 2007.  I am a graduate of the Criminal Investigator Training Program of the Federal Law Enforcement Training Center in Glynco, Georgia, and have received extensive training in criminal investigation procedures and criminal law.  In 2005, I graduated from Northeastern University with a Bachelor's degree in Criminal Justice.  In 2006, I graduated from Boston University with a Master's degree in Criminal Justice.  My responsibilities as a Special Agent with DOL-OIG-OI include investigating fraud, waste and abuse of Department of Labor programs, employees, and departments.  During my tenure as a Special Agent, I have conducted investigations of several types of criminal activity including work visa fraud, unemployment insurance fraud, false claims fraud, employee benefits fraud, identity theft and money laundering.  During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized evidence as evidence, fruit, or instrumentalities of violations of federal law.

2.      Along with federal agents with Homeland Security Investigations, I am currently investigating Donna Wasson ("WASSON"), and other co-conspirators, in connection with various suspected federal criminal offenses. As set forth below, I have probable cause to believe that WASSON has conspired to obtain Pandemic Unemployment Assistance ("PUA") funds via fraudulent means and has utilized various interstate wires in furtherance of this fraud.  This

affidavit is being submitted in support of a criminal complaint charging WASSON with violating 18 U.S.C. § 1343 (wire fraud) and in support of an arrest warrant for WASSON.

3.      As set forth in more detail below, this investigation has established that WASSON has fraudulently sought unemployment benefits from Massachusetts under her own name and that she has received and carried out instructions from Tiffany Pacheco ("TIFFANY") concerning certain other fraudulent unemployment claims.    18 U.S.C. § 1343 criminalizes a person's knowing and willful participation in a scheme to obtain money by means of false or fraudulent pretenses, with intent to defraud, where interstate wire communications were used in furtherance of the scheme, and regardless of whether the scheme succeeded in defrauding anyone or resulted in the receipt of fraudulent proceeds.

4.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## Background

5.      A federal criminal investigation has established that TIFFANY, a former employee of the Massachusetts Department of Unemployment Assistance ("DUA"), and her husband, Arthur Pacheco ("ARTHUR")[1], conspired with each other to fraudulently obtain unemployment benefits to which they were not entitled.    The investigation has further

---

[1] TIFFANY and ARTHUR have been indicted with wire fraud and conspiracy to commit wire fraud.  *See* Case 1:21-cr-10025-IT (D. Mass.).  *See also* complaint affidavit in Case 1:20-mj-04372-DHH.   ARTHUR and TIFFANY have been incarcerated since being arrested in Texas on December 17, 2020.

established that WASSON, with the assistance and guidance of TIFFANY, fraudulent filed for

unemployment benefits in Massachusetts to which she was not entitled.  The investigation has

further established that TIFFANY, during recorded phone calls to WASSON, discussed what

WASSON should say and provide to DUA to have WASSON's fraudulent PUA application

approved and paid out.

6.      On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act

("CARES Act") was signed into law. The CARES Act created a new temporary federal program

unemployment insurance program called PUA. PUA provides unemployment insurance ("UI")

benefits for individuals who are not eligible for other types of unemployment (e.g., self-

employed, independent contractors, gig economy workers). PUA will provide unemployment

payments for unemployment beginning on or after January 27, 2020 and ending before

December 31, 2020 for a maximum payment of 39 weeks. On or about August 11, 2020, all

recipients of PUA were granted 7 weeks of Extended Benefits extending maximum payment

weeks to 46.

7.      DUA administers and manages the PUA program in the Commonwealth of

Massachusetts.[2]  In Massachusetts, the PUA minimum weekly benefit allowance is $267. The

PUA weekly benefit allowance can increase but may not be more than Massachusetts' maximum

weekly benefit rate for regular unemployment benefits of $855.00[3].

8.      The CARES Act also created a new temporary federal program called Federal

Pandemic Unemployment Compensation ("FPUC") that provides an additional $600 weekly

---

[2] DUA is headquartered in Boston, Massachusetts.

[3] Prior to October 4, 2020, the maximum benefit amount for both UI and PUA in Massachusetts
was $823.

benefit to those eligible for PUA and/or regular UI. Claimants were eligible to receive FPUC

monies in addition to the PUA or UI benefit from March 29, 2020[4] to July 25, 2020.

9.      As of August 1, 2020 to September 5, 2020, PUA and UI claimants were eligible

to receive Federal Lost Wages Assistance ("FLWA") in the amount of $300 per week funded

by the Federal Emergency Management Agency ("FEMA").

10.     On or about December 27, 2020, the Continued Assistance for Unemployed

Workers of 2020 Act was signed into law.  This Act provided an additional $300 in FPUC per

week for UI and PUA claims.  DUA implemented these additional monies for UI claims on

January 6, 2021 and for PUA claims on January 11, 2021.  These additional FPUC monies are

set to expire the week ending September 4, 2021.

11.     As of March 11, 2021, all Massachusetts PUA claim can receive up to 79 weeks

of benefits.  In addition, the Pandemic Emergency Unemployment Compensation ("PEUC") was

implemented for UI online and, once a claimant has requested and been approved, UI claims are

eligible to receive up to a total of 53 weeks in PEUC until week ending September 4, 2021.

---

[4] FPUC monies would be paid retroactively, when applicable, on all approved claims.

12.    A summary chart of the above benefits is as follows (all figures approximate):

| State/Federal Benefit | Weekly Benefit Range | Application Reqts. |
|---|---|---|
| **UI –** Unemployment Insurance | $52-855 | SSN; DOB; address, work authorization; willing and available to work; no fault unemployment; wages reported by employer to DUA; payment preference (DD or Pre-Paid Debit Card) |
| **PUA –** Pandemic Unemployment Assistance | $267-855 | SSN; DOB; address, work authorization; willing and available to work; eligible under PUA guidelines; payment preference (DD or Pre-Paid Debit Card) |
| **FPUC –** Federal Pandemic Unemployment Compensation | $600; $300 | Must have an approved PUA or UI claim |
| **FLWA –** Federal Lost Wage Assistance | $300 | Must have an approved PUA or UI claim |

13.    As part of the PUA application process, a claimant must provide their first and last name, Social Security number ("SSN"), date of birth and a residential and/or mailing address.  In addition, the claimant must select a preferred payment method: direct deposit or payment of their benefit on to a debit card.  The claimant is also required to provide a phone number and an email address to be used by DUA to provide updates, contact the claimant and/or for authentication purposes.  The email address is also used by the claimant to access the PUA claim account and, if necessary, reset their claim account password.  A claimant can choose one of three ways to meet DUA's two-factor authentication requirement: authentication app, text message or email.

14.    PUA claims submitted via DUA are processed via a server in Colorado.  PUA

claims are frequently submitted via the internet, and I understand that individuals who submit

PUA-related information to DUA via the internet cause wires to be transmitted to and/or from

this Colorado-based server.

15.      Before receiving PUA via DUA, a claimant must verify his/her identity which

includes a combination of personal identifying information and internet protocol address, email

and/or bank account information previously used with either the Massachusetts Department of

Revenue and/or the Massachusetts Registry of Motor Vehicles. If verification is not met, an ID

verification is placed on a claim. To overcome this, a claimant must provide proof of SSN,

identification and address. Proof of SSN may include Social Security card or tax form. Proof of

identification may include a driver's license or passport.

### WASSON's Massachusetts Unemployment Claim

16.      On or about December 15, 2020, a PUA claim (A00-000-1562-2699) for

WASSON was filed with DUA using SSN xxx-xx-6512, DOB xx/xx/1984, address 18 E Glen

Dr, Taunton, MA[5], phone number xxx-xxx-7718, email of

xxxxxxxxxxwasson1984@gmail.com, and a Texas State ID # xxxx0869.   This claim identified

WASSON's employment status as first affected by COVID-19 on February 8, 2020.  This

claim also indicated that WASSON was available to work, had no earnings since February 8,

2020, and had two dependents.  Based on eligibility questions answered on this claim,

WASSON's employment was affected because there was COVID-19 in the workplace and her

daycare and/or school for her dependents was affected.

17.      According to DUA, WASSON's PUA claim listed three bank accounts: Sutton

---

[5] This address is of a townhouse in Taunton, MA that is next to another townhouse tied to
ARTHUR and TIFFANY, which TIFFANY had used in connection with various accounts tied to
her fraudulent scheme.

Bank (xxxxxxxxx1436); Varo Bank (xxxx2256); and Stride Bank (xxxxxxxx2371).

18.      On or about December 16, 2020, an Identity Verification Issue was placed on the WASSON claim.  On or about December 31, 2020, DUA denied the claim for failure to provide the required documentation to overcome the identity verification issue on claim.  On or about January 7, 2021, WASSON filed an appeal to reverse the denial of the PUA claim.

19.      On or about January 13, 2021 at about 3:50 pm EST, WASSON called DUA from phone number (xxx) xxx-1910.  During this call, WASSON inquired as to the status of the appeal on her PUA claim.  During this recorded call, WASSON provided her name, SSN, DOB and her address as being in Taunton, MA, notwithstanding the fact that WASSON resided in Texas (as described more fully below).  WASSON stated she received a letter from DUA saying her claim was denied for failing to provide documentation for the identity verification issue placed on her claim.  WASSON explained she has appealed the decision but her claim was still denied.  The DUA representative informed WASSON it takes 8-12 weeks for a hearing to be scheduled and there is no date current set for her hearing.  The DUA representative confirmed a notification letter of the hearing date would be sent to the address on WASSON's claim.

20.      On or about January 13, 2021 at about 3:22pm CST (4:22 pm EST), TIFFANY called WASSON, at phone number (xxx) xxx-1910, while incarcerated at Karnes County Correctional Center in Texas.[6]  During this call, WASSON told TIFFANY she was on the other line on hold with Texas benefits.  WASSON further stated that she called on her claim and was

---

[6] Before each such call, a recording informs all participants, "This call is from a correctional facility and subject to monitoring and recording."   All references to recorded calls in this affidavit are mere summaries of select excerpts, and should not be interpreted as representing all content of the call or as constituting a verbatim transcription.

told she had to wait for a hearing to be scheduled (this appears to be a reference to WASSON's

Massachusetts PUA claim).  TIFFANY instructed WASSON, when on the phone with DUA, to

request to speak with a Tier 2 so WASSON can submit test results to confirm WASSON's

eligibility for benefits and explain why WASSON missed the deadline.  TIFFANY then

instructed WASSON where to find the template for the test results and directed WASSON to

use Photoshop to edit the template.

21.     During this call, WASSON also informed TIFFANY she did not call on the

"other one"[7].  WASSON asked TIFFANY what she is supposed to do again.  TIFFANY

instructed WASSON to tell DUA to file "her" claim back to February 2nd and DUA will put

her claim back to February 8th.  TIFFANY then instructed WASSON to request DUA to claim

those weeks as the system would not allow WASSON to claim those weeks online.  During this

call, TIFFANY asked if WASSON did the "OP"[8] one.  WASSON said yes and it was

processing.

22.     On or about March 10, 2021, DUA noted in WASSON's PUA claim the

claimant failed to appear at the appeal hearing.

23.     The PUA system tracks all activity associated with each registered account, and

DUA maintains documentation of activity related to claimant accounts, to include but not

limited to, employee access and activity on accounts. Included in those records are the IP

addresses used by the computer that initiated activity on this account.

24.     From on or about January 7, 2021 to January 25, 2021, DUA logged, 23 times,

---

[7] Based on the review of these phone calls and activity on claims at DUA, I believe the "other one" claim referenced is  a fraudulent PUA claim in the identity of KT.  The KT claim is described in more detail later in this affidavit.

[8] OP claim is also described in more detail later in the affidavit.

IP address 75.35.180.171 with activity on the Massachusetts PUA claim account for WASSON.

Through publicly available databases, this IP address was identified as belonging to AT&T

Corp. ("AT&T"). A review of Comcast records provided the subscriber information for that

account, as follows:

> Subscriber Name: Mxxx Wasson
> Service Address: xxx Perch Horizon, San Antonio, TX
> Billing Address: xxx Perch Horizon, San Antonio, TX
> Telephone #: xxx-xxx-0272
> Account Creation: 2010-04-07
> Account Status: Active

### WASSON's Texas Unemployment Claim

25.      According to the Texas Workforce Commission ("TWC"), on or about July 16,

2020, WASSON filed a claim for unemployment due to the pandemic.  This claim used SSN

xxx-xx-6512, DOB xx/xx/1984, address xxx Perch Horizon, San Antonio, TX (the "Texas

Residence"), phone number (xxx) xxx-1910, and an email of xxxxxxxxx22@gmail.com.

Because the SSN used on this account did not have any reported earnings by an employer,

TWC classified this claim as PUA.

26.      According to TWC, WASSON's PUA claim does not list any dependents.

27.      According to TWC, during the initial unemployment claim filing, a claimant

self-reports their last employer's information.  WASSON's TWC claim lists her last employer

as Scum Ink, a tattoo shop in San Antonio, TX.  WASSON reported to TWC she worked at

Scum Ink from August 18, 2019 until April 20, 2020 in a management position[9].  According to

TWC, WASSON's PUA claim was approved for the minimum weekly benefit amount of $207.

From benefit week ending July 18, 2020 to benefit week ending March 20, 2021, TWC has

---

[9] Records on WASSON's Facebook account indicate that Scum Ink opened for business on June 3, 2020.

paid out approximately $14,052 ($7,452 in PUA, $4,800 in FPUC, $3,000 FLWA/FEMA) on

WASSON's claim into a Stride Bank account xxxxxxxx2371.  This is the same bank account

listed on WASSON's Massachusetts PUA claim.  To date, WASSON's PUA claim with TWC

is still active.

28.     According to the United States Postal Inspection Service, as of January 29,

2021, WASSON was receiving mail at the Texas Residence.

29.     According to the Texas Department of Motor Vehicles, WASSON has an

active driver's license (#xxxx0869) with DOB xx/xx/1984 and an address of the Texas

Residence.  This is the same driver's license number listed on WASSON's MA PUA claim.

**WASSON Was Ineligible to Receive PUA in Massachusetts**

30.     As indicated above, WASSON listed a Massachusetts address on her

Massachusetts PUA claim.  However, WASSON did not reside in Massachusetts at any point

during 2020, and resided in Texas at all relevant times.

31.     According to MA DUA, for a claimant to be eligible to receive PUA benefits in

Massachusetts, the claimant's employment in Massachusetts in 2020 would have been affected

by the COVID-19.  For example, a claimant might be eligible if that claimant had been laid off

from a Massachusetts job due to the pandemic, or if the claimant's hours at a Massachusetts job

were reduced due to the pandemic, or if the claimant was unable to start a job in Massachusetts

due to the pandemic.

32.     In connection with her MA PUA claim, WASSON identified her self-

employment in Massachusetts was first affected on February 8, 2020.  In addition, during

WASSON's application process with DUA, WASSON provided the following answers to the

following eligibility questions:

Q: Did you work in Massachusetts when you were impacted by COVID-19?

A: Yes

Q: Did you work in another state besides Massachusetts when you were affected by COVID-19?

A: No

33.     As identified above, according to WASSON's Texas PUA claim, she worked in Texas at Scum Ink, a tattoo shop, from August 2019 until April 2020, when she was affected by COVID-19. [10]

34.     According to Department of Justice records, WASSON was convicted on August 28, 2019 and sentenced to a term of probation of ten years.[11]  According to Texas Probation records, WASSON has a cell phone of (xxx) xxx-1910 and is receiving unemployment.  Texas Probation confirmed that the Texas Residence is WASSON's parents' address where she frequently visits and occasionally spends the night.  According to Probation, as part of her conditions of supervised release, WASSON is not allowed to leave Bexar County in Texas without prior written permission from the Court and/or Supervision Officer.  Probation does not have any record of travel permits or legal documents requesting outside travel for WASSON.

35.     According to Texas Probation, there are no dependents listed in WASSON's

---

[10] In addition, WASSON's Facebook account contained multiple posts regarding her employment at Scum Ink.  For example, on May 24, 2020, a post stated: "Its confirmed, as of June 1st, "Scum Inks" will be officially open!! Appoitments only, (@ least for now). Professional work, at unbeatable prices. It's going to be live!! xxx-xxx-7228."  On June 3, 2020, a post stated in part: "Scum Ink is up and running. Grand opening went really well." ."

[11] WASSON's term of probation is set to end on August 27, 2029.  According to Texas Probation, WASSON was under the usual conditions of supervised release to include, but not limited to, no use of drugs or alcohol and no contact with convicted felons.

file.

36.     Based on my review of WASSON's Texas and Massachusetts unemployment

filings and other records, and my training and experience, I believe that information submitted

in connection with WASSON's Massachusetts PUA claim was false, including the

misrepresentation of her address, her misrepresentation of number of dependents, and her

misrepresentation that she worked in Massachusetts when she was impacted by COVID-19.  In

addition, as set forth below, at least one of the bank accounts associated with WASSON's PUA

claim was under the name of a victim of identity theft whose identity was also used to commit

unemployment fraud.

**Unemployment Claims Submitted Under Stolen Identities**

37.     This investigation has established that TIFFANY abused her position with

DUA to submit various unemployment claims under multiple stolen identities.[12]  The

investigation has also established that WASSON was involved in these fraudulent

unemployment claims, and that TIFFANY instructed WASSON to take certain steps to further

this fraudulent scheme after TIFFANY was arrested and in federal custody.

KT Claim

38.     On or about August 30, 2020, a Massachusetts PUA claim was filed in the

identity of an individual known to me (hereafter, "KT").  Application materials listed an

address in Fall River, Massachusetts.  During a December 29, 2020 interview of KT, she

indicated that she had not filed for unemployment and that her employment had not been

affected by COVID 19.  KT's driver's license was located in and seized from the residence of

---

[12] This investigation remains ongoing.  Additional charges against perpetrators of this scheme –
including but not limited to charges under 18 U.S.C. § 1028A – may be forthcoming.

TIFFANY and ARTHUR on September 22, 2020.  Based on the foregoing, my training and experience, and evidence uncovered during this investigation, I believe that this claim is fraudulent.

39.     On or about January 3, 2021, TIFFANY called WASSON and directed WASSON to access a Google Drive spreadsheet in search of information, including information relating to "KT."

40.     In January 2021, the KT Massachusetts PUA claim was accessed online and the bank account was changed five times, including to add Varo Bank (xxxx2256) and Sutton Bank (xxxxxxxxx1436).  As noted above, both of these accounts were also listed on WASSON's Massachusetts PUA claim.  According to Varo Bank, account xxxx2256 was opened in the name of KT.

41.     On or about January 14, 2021, a female caller claiming to be KT called DUA from (xxx) xxx-1910.  On this date, DUA logged three calls on this claim by the same caller and phone number.   During these calls, the female caller identified herself as KT and explained that she was trying to obtain PUA back payments from February 8, 2020 to April 24, 2020.  I have listened to this call and have compared the voice of the caller with the voice of WASSON during various recorded calls from TIFFANY to WASSON and based on this voice comparison, I believe the caller to DUA to be WASSON.

42.     On or about January 15, 2021, a female caller claiming to be KT called DUA from (xxx) xxx-1910.  During this call, the female caller identified herself as KT and stated she was having issues obtaining back pay for weeks ending February 8, 2020 through April 25, 2020.  The caller also explained that she initially had an issue filing this claim and sought the assistance of her neighbor and a female friend who worked at DUA.  The caller stated "I'm not

trying to get anything I'm not owed." I have listened to this call and have compared the voice

of the caller with the voice of WASSON during various recorded calls from TIFFANY to

WASSON and based on this voice comparison, I believe the caller to DUA to be WASSON.

43.     On or about January 15, 2021, the KT claim was accessed online and the web

logon was changed from KMT to "KM Wasson." This occurred a few days after TIFFANY

called WASSON and instructed WASSON on how to change the name on someone's profile

account to match the bank account information. I believe, based on my listening to this call

and my training and experience, that WASSON changed the KT claim at TIFFANY's

instruction.

44.     From on or about January 12, 2021 to January 25, 2021, DUA logged IP

address 75.35.180.171 at least 32 times with activity on the PUA claim account for KT and at

least 27 times with activity on the PUA claim account for OP. As identified in paragraph 24

above, AT&T records identified the internet subscriber account for 75.35.180.171 as Mxxx

Wasson at the Texas Residence.

OP Claim

45.     On or about June 9, 2020, a Massachusetts PUA claim was filed in the identity

of an individual known to me (hereafter, "OP"). During a January 5, 2021 interview of OP, he

indicated that he has never lived or worked in Massachusetts nor has he ever filed for

unemployment in any state. OP also indicated that he has never used the email address listed

with his claim. Based on the foregoing, my training and experience, and evidence uncovered

during this investigation, I believe that this claim is fraudulent.

46.     Two of the bank accounts listed with the OP account (Varo Bank xxxx2256

and Sutton Bank xxxxxxxxx1436) were also associated with WASSON's Massachusetts PUA

claim.

47.     On or about January 3, 2021, TIFFANY called WASSON and directed
WASSON to access a Google Drive spreadsheet in search of information, including
information relating to "OP."

48.     On or about January 12, 2021, TIFFANY called WASSON.  During this
conversation, WASSON discussed calling unemployment, and TIFFANY provided instructions
to WASSON.  Among these were an instruction to find and use information about "OP."

### Review of (xxx) xxx-1910 Records

49.     According to law enforcement databases, (xxx) xxx-1910 is a cellular number
with service through AT&T.  AT&T records for (xxx) xxx-1910 identified the subscriber as
Donna L. Wasson at the Texas Residence with an email of xxxxxxxxx22@gmail.com.
According to AT&T, (xxx) xxx-1910 has been assigned to WASSON since on or about January
28, 2011.

50.     A review of the AT&T records show WASSON's cell phone (xxx) xxx-1910
called MA DUA claims customer service number on the following dates: seven times on
January 12, 2020; one time on January 13, 2020; four times on January 14, 2020; and one time
on January 15, 2020.

51.     A review of additional AT&T records reveals that the cell tower associated
with the call from (xxx) xxx-1910 to MA DUA on January 13, 2020 was located in or near San
Antonio, Texas.  Based on my review of these records, and my training and experience, I
believe that this call was placed from Texas and that the ensuing voice communications
occurred via interstate wire.

## CONCLUSION

52.      Based on the information described above, and my training and experience, I believe that Donna WASSON fraudulently filed an unemployment assistance claim for herself in Massachusetts while residing and receiving unemployment assistance in Texas. I further believe that on or about January 13, 2021, Donna WASSON, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, in violation of Title 18, United State Code, Section 1343.

Sworn to under the pains and penalties of perjury,

_Christina Rosen/DER_
Special Agent Christina Rosen
U.S. Department of Labor
Office of Inspector General

Sworn to by telephone in accordance with Fed. R. Crim. P. 4.1 on
April 16 , 2021

1

_David H. Hennessy_
Hon. David H. Hennessy
United States Magistrate Judge

-